**Commonwealth v. Stewart**

C.P. of Lancaster County, no. 5424-2005.

*Craig W. Stedman,* district attorney, for Commonwealth.

*R. Russell Pugh,* for defendant.

KNISELY, *J.,* February 2, 2010—

Before the court is defendant's petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S. §§9541-46.[1] Notice will be given that it will be dismissed without a hearing for the following reasons.

The charges under the instant docket number, no. 5424-2005, arose from defendant's actions while he was being arraigned on charges under a different docket number. During the arraignment, defendant became upset and violent. He refused to sit and a detective physically made defendant sit down. Defendant resisted.

---

1. Due to a clerical error, a previous Rule 907 opinion/order was filed; however, the opinion was written for a different docket number and is inapplicable to the instant PCRA petition before the court. Accordingly, the court strikes that opinion, filed on December 31, 2009, and submits the instant amended Rule 907 opinion/order.

He kicked a row of metal chairs at the detective. One of the chairs hit the detective cutting his leg. Defendant continued to resist but was ultimately subdued by the detective.

On June 6, 2006, a jury found defendant guilty of aggravated assault[2] and disorderly conduct.[3] Defendant was sentenced to 21 to 42 months of state imprisonment on the aggravated assault charge and no sentence was imposed on the disorderly conduct charge. On direct appeal, the Superior Court affirmed defendant judgment of sentence. *Commonwealth v. Stewart,* no. 1655 MDA 2006, slip op. (Pa. Super. 2007). Allocatur was denied on March 27, 2008.

A timely pro se PCRA petition was filed on January 29, 2009. By order of February 9, 2009, Attorney R. Russell Pugh was appointed as counsel and leave to file an amended PCRA petition was granted until March 15, 2009. On March 17, 2009, counsel's request for additional time to file an amended PCRA petition was granted until June 12, 2009. Attorney Pugh reviewed defendant's petition, met with him at SCI Huntington to investigate the substance of his claims, and reviewed his medical records, finding no support for defendant's contention of mental illness. On June 16, 2009, counsel submitted a *Turner/Finley*[4] letter, certifying that his review of the claims revealed defendant's petition is meritless and seeking to withdraw as counsel. Based on my

2. 18 Pa.C.S. §2703(a)(3).

3. 18 P.S. §5503(a)(2).

4. *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley,* 379 Pa. Super. 390, 550 A.2d 213 (1988).

independent review of the record and the issues raised in the petition, I agree that defendant's petition is meritless. No purpose would be served by further proceedings on defendant's petition.

## DISCUSSION

To be eligible for relief under the PCRA, a defendant must plead and prove by a preponderance of the evidence that: (1) he was convicted of a crime in Pennsylvania and currently serving a sentence of imprisonment, probation, or parole for the crime; (2) the conviction or sentence resulted from one of the enumerated errors listed under 42 Pa.C.S. §9543(a)(2); (3) the allegation of error has not been previously litigated or waived; and (4) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational or strategic decision by counsel. 42 Pa.C.S. §9543.

Here, defendant's PCRA petition raises claims of ineffective assistance of counsel and prosecutorial misconduct. Specifically, defendant claims counsel was ineffective for failing to realize he is mentally challenged and illiterate. Defendant also claims prosecutorial misconduct for prosecuting a charge not supported by probable cause.

Counsel is presumed effective and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Pierce,* 515 Pa. 153, 158, 527 A.2d 973, 975 (1987). When a petitioner claims ineffective assistance of counsel, he must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance was unreasonable; and (3) counsel's ineffectiveness prejudiced the

petitioner. *Id.* "[I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must *plead, present,* and *prove* the ineffectiveness of direct appellate counsel, which necessarily relates back to the actions of trial counsel." *Commonwealth v. Brown,* 582 Pa. 461, 473-74, 872 A.2d 1139, 1146 (2005). (emphasis in original) (citation omitted)

Initially, the court notes that defendant apparently asserts ineffectiveness of all counsel; however, his petition neither properly develops such a claim for layered ineffective assistance, nor does it set forth the three-prong standard of *Pierce* as it relates to counsel's performance. No relief is warranted for such undeveloped and bald assertions. *Commonwealth v. Spotz,* 587 Pa. 1, 99-100, 896 A.2d 1191,1250 (2006) (boilerplate, undeveloped argument regarding ineffectiveness of prior counsel not sufficient to establish petitioner's entitlement to PCRA relief). Additionally, the court's independent review of this claim reveals it to be without merit. There is no support in the record that defendant is "mentally challenged". (PCRA petition at 2.) During sentencing, defendant took the opportunity to speak. (N.T. sentencing, 8/24/06, at 3-4.) He explained the circumstances leading up to his imprisonment. *(Id.)* He explained that he left a halfway house out of fear of being locked up, but that he "messed up" and was "wrong" for leaving. *(Id.)* He responded appropriately to the court's questions. He indicated that he understood his post-sentence rights. *(Id.)*

Also, defendant was interviewed in preparation of the pre-sentence investigation. The court's review of the

pre-sentence investigation reveals that defendant answered questions regarding his education and mental history. He indicated that he completed 10th grade, but was unable to read and write. While defendant said his mother suffered from mental health issues, the mental history section is devoid of any evidence of defendant himself having mental illness. He denied ever attempting suicide or being hospitalized for any mental illness. Further, there is nothing in the record which would have prompted counsel to investigate any mental illness. As defendant's petition does not demonstrate how such alleged mental illness and illiteracy or counsel's failure to investigate such illness prejudiced defendant and review of the record reveals no support for this claim, no relief is warranted.

Next, defendant claims that "prosecutorial vindictiveness and misconduct" (PCRA petition at 3) prejudiced him. Specifically, defendant cites to Pennsylvania Rules of Professional Conduct, Rule 3.8, requiring the prosecutor to refrain from prosecuting a charge he knows is not supported by probable cause. (*Id.* at 4.) Defendant then states that he did not intentionally cause injury to the officer. *(Id.)* Defendant's citation to the rules of conduct is not relevant[5] to the inquiry of his intent to cause injury which is essentially a sufficiency of the evidence claim. This issue was raised at the trial (N.T. trial, 6/6/06)

---

5. To the extent defendant claims prosecutorial misconduct based on the assistant district attorney lacking probable cause, the court notes that the record contains a signed affidavit of probable cause. (See police criminal complaint.) Detective John Wettlauefer, duly sworn and according to law, set forth the facts leading to defendant's charges.

14

and again on direct appeal. Thus, this claim was previously litigated and not cognizable under the PCRA.

Therefore, defendant fails to meet his burden of establishing entitlement to relief. I conclude there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction relief, and no purpose would be served by any further proceedings. Accordingly, I enter the following:

ORDER

And now, February 2, 2010, upon consideration of petitioner Lonnie A. Stewart's petition for post-conviction collateral relief and Attorney R. Russell Pugh's *Finley* letter, it is hereby ordered and decreed that:

(1) the petition is denied. The petitioner is hereby given notice that the court, pursuant to Pa.R.Crim.P. 907, intends to dismiss his post-conviction collateral relief petition without a hearing unless petitioner shall, within 20 days of the date of this order and notice, show good cause why the petition should not be dismissed; and

(2) R. Russell Pugh's request to withdraw is granted.